UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 06-22981-CIV-MORENO

OMAR R. OSAHAR,

    Plaintiff,

vs.

JOHN POTTER, Postmaster General of the
United States Postal Service,

    Defendant.
_____/

### ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Omar Osahar ("Plaintiff") commenced this action against Defendant John Potter, Postmaster General of the United States Postal Service ("Defendant" or "Postal Service") alleging breach of his labor union's Collective Bargaining Agreement ("CBA"). Defendant moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that the Court lacks subject matter jurisdiction and the Amended Complaint fails to state a claim upon which relief can be granted. Because the Court finds that Plaintiff's claims are barred by *res judicata* and by the statute of limitations, Defendant's Motion to Dismiss is granted, and the case is dismissed.

### BACKGROUND

Plaintiff has been a United States Postal Service employee since 1974. During that time, Plaintiff has filed suit against his employer a total of nine times in this district. This is Plaintiff's fourth suit before this Court. In this case, Plaintiff alleges that on August 23rd through the 26th of 2004, Defendant breached the terms of the labor union's CBA by denying Plaintiff's request to attend three employee training programs offered by the Postal Service. Plaintiff contends that, under the CBA, the Postal Service should have given him preference when it selected employees

to enroll in training courses.  It is Plaintiff's assertion that the Postal Service denied his training requests in relatiation for his prior Equal Employment Opportunity ("EEO") claims and as a result of unlawful racial discrimination.  Plaintiff claims that he has suffered the loss of the overtime compensation to which he would have been entitled had he been permitted to attend the training courses at issue.  Plaintiff additionally asserts that he received less favorable work assignments in retaliation for his EEO claims.  Finally, Plaintiff seeks to have this Court review a final order of the National Labor Relations Board ("NLRB").

## DISCUSSION

Defendant moves to dismiss the Amended Complaint based on *res judicata* and the applicable statute of limitations.  In addition, Defendant argues that the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted and that this Court lacks jurisdiction to review final orders of the NLRB.

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  The Court may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle [her] to relief."  Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).  Moreover, the Court must, "at this stage of the litigation, . . . accept [the plaintiff's] allegations as true."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

**I.    *Res Judicata***

Defendant argues that Plaintiff's claims are barred by *res judicata* stemming from Plaintiff's previous lawsuits filed in this district.  The doctrine of *res judicata* prohibits a party

from re-litigating a claim where a judgment on the merits involving the same claim and the same parties exists from a prior action. See Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1289 (11th Cir. 2007). *Res judicata* applies where there is (1) a final judgment on the merits (2) rendered by a court of competent jurisdiction (3) with identical claims (4) between identical parties. Id.

Applying the doctrine of *res judicata* to this case, Plaintiff's claims are barred. This Court reached a final judgment on the merits in Plaintiff's 2004 action when it granted the defendant's motion for summary judgment. This Court found that the denial of Plaintiff's requests to enroll in the very same training courses that are the subject of his present suit did not constitute an "adverse employment action," as required to succeed in a Title VII discrimination or retaliation claim. In the alternative, the Court found that the Postal Service had legitimate, non discriminatory, non retaliatory reasons for denying Plaintiff's requests. This Court also rejected Plaintiff's contract claims finding that he failed to exhaust his administrative remedies. Alternatively, the Court found that the Postal Service's legitimate reasons for denying Plaintiff's requests precluded a finding of breach.

Finally, the causes of action both arise from the same nucleus of facts and are identical. To determine whether causes of action are identical, the Eleventh Circuit has indicated that the analysis focuses on whether the "primary right and duty are the same." Manning v. City of Auburn, 953 F.2d 1355, 58 (11th Cir. 1992). First, the primary right in this action and the 2004 action are the same. In both cases, Plaintiff asserts that he had the right to receive preference in training programs due to his seniority status. The primary duty is similarly identical. Plaintiff claims that the Postal Service is under a duty to select employees for training on the basis of their seniority pursuant to the CBA and not to consider race or to retaliate for filing employment

actions.

Although Plaintiff has renamed his claims in this action, it is well settled that *res judicata* applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Id. at 1358-59. Furthermore, the doctrine of *res judicata* bars not only claims that were actually litigated, but the litigation of all issues that could have been raised in an earlier action. See Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981). Accordingly, Plaintiff's claims are barred.[1]

Although Plaintiff's claims are barred by *res judicata*, for the purpose of completeness, the Court will address the other issues raised in Defendant's Motion to Dismiss.

## II.  Statute of Limitations

In addition to raising the defense of *res judicata*, Defendant also claims that the Amended Complaint should be dismissed as time barred. Plaintiff alleges that the Postal Service breached its obligations under the CBA and that his union violated its duty of fair representation. The United States Supreme Court characterizes such a lawsuit as a "hybrid § 301/fair representation claim." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165 (1983). Plaintiff's claim implicates the National Labor Relations Act and its applicable limitations period. See id. at 164. In such hybrid cases, the Supreme Court has adopted the six-month statute of limitations found in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (2006). Id.  The six-month statute of limitations applies regardless of whether the union is a named defendant. Id. at 165. Thus, a plaintiff has six months to file a hybrid suit from "the date he knew or should have

---

[1] *Res judicata* similarly bars Plaintiff's claims that he received less favorable work in retaliation for filing lawsuits and that the Postal Service breached the CBA. He is bound by Magistrate Judge Simonton's factual findings in her March 22, 2006 Report and Recommendation, which this Court subsequently affirmed and adopted. In her report, Judge Simonton rejected Plaintiff's claim that denying his requests for enrollment in the training programs was improper. This Court also adopted Judge Simonton's finding that assigning Plaintiff to work on a Biohazard Detection System did not constitute an "adverse employment action."

known of the union's final action or the [Postal Service's] final action, whichever is later." Coppage v. U.S. Postal Service, 281 F.3d 1200, 1204 (11th Cir. 2002) (internal citation and quotations omitted). The Eleventh Circuit defines the "final action" as the point at which "the grievance procedure was exhausted or otherwise [broken] down to the employee's disadvantage." Proudfoot v. Seafarer's Int'l Union, 779 F.2d 1558, 59 (11th Cir. 1986).

Here, Plaintiff's union withdrew his grievances regarding the denied training course requests in December 2004 and February 2005. Plaintiff asserts that he became aware of this on January 6th or 8th of 2006. Even considering the facts in a light most favorable to Plaintiff, his claims were filed five months too late. Thus, Plaintiffs claims are dismissed as time barred.

### III. Final Orders of the NLRB

Plaintiff seeks this Court's review of various final decisions of the NLRB. Section 10(f) of the National Labor Relations Act vests jurisdiction to review final decisions by the NLRB exclusively in either the United States Court of Appeals in the circuit where the unfair labor practice was committed or in the United States Court of Appeals for the District of Columbia. 29 U.S.C. § 160 (2006). If Plaintiff seeks review of a NLRB final decision, he must file a petition in either the United States Court of Appeals for the Eleventh Circuit or the United States Court of Appeals for the District of Columbia. As such, this Court lacks the jurisdiction to hear this claim.

### IV. Failure to State a Claim

Lastly, Defendant moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Magistrate Judge Simonton aptly noted that Plaintiff's initial Complaint was "confusing with respect to ascertaining the bases upon which Plaintiff seeks relief." Unfortunately, the Amended Complaint offers little improvement.

Nevertheless, having dismissed Plaintiff's Amended Complaint on other grounds, the Court declines to determine whether Plaintiff fails to state a claim that would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Defendant's Motion to Dismiss the Amended Complaint is granted. Plaintiff's claims are dismissed under the doctrine of *res judicata* and in the alternative, as time barred. Further, the Court lacks jurisdiction to review a final order of the NLRB. This case is closed. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of December, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Omar R. Osahar, *pro se*
10941 SW 143rd Terrace
Miami, FL 33176

Carlos Raurell, AUSA